IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-cr-00049-DKW |
| Plaintiff, | |
| | **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |
| vs. | |
| ARTURO IBARRA, | |
| Defendant. | |

Defendant Arturo Ibarra asks the Court to reduce his sentence to time served because he claims that his current medical conditions, principally obesity and asthma, in light of the COVID-19 pandemic present an extraordinary and compelling reason warranting such a reduction. Ibarra further asserts that a recent Ninth Circuit decision demonstrates he was, in fact, safety valve eligible at the time of sentencing, a fact no party advanced, and the Court did not consider. Neither contention presents an extraordinary or compelling reason warranting the relief Ibarra seeks. Accordingly, his motion is DENIED.

## RELEVANT BACKGROUND

On July 18, 2019, Ibarra pled guilty to conspiracy to distribute and to possess with the intent to distribute methamphetamine. Dkt. No. 18; *see also* Dkt. No. 1 (indictment). On November 20, 2019, the Court sentenced Ibarra to 63 months' imprisonment to be followed by 5 years of supervised release. Dkt. Nos.

32-33.[1]  This sentence took into consideration the Government's motion for a four-point reduction in Ibarra's total offense level based on Section 5K1.1 of the Sentencing Guidelines, which the Court granted.  Dkt. Nos. 22, 25, 29, 32.

On June 1, 2021, Ibarra filed a *pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("compassionate release motion").  Dkt. No. 35. On July 16, 2021, the Federal Public Defender's Office requested an opportunity to submit a supplemental memorandum in support of Ibarra's motion.  Dkt. No. 41. The Court promptly granted that request, Dkt. No. 42, and a supplemental memorandum was filed on July 28, 2021, Dkt. No. 44.  Ibarra argues that conditions at his prison, FCI Safford (AZ), generally increase his risk of contracting COVID-19.  Dkt. No. 35 at 2, 4.  And were he to contract it, his obesity and asthma put him at an increased risk of serious illness from the disease.  .Dkt. No. 35 at 2–4; Dkt. No. 44 at 7–16.  Further, Ibarra argues that he was, in fact, safety valve eligible at sentencing, a fact not considered by the Court at the time. Dkt. No. 44 at 16–21.

The Government filed a response on August 13, 2021, arguing that Ibarra's circumstances are neither extraordinary nor compelling, given that there are currently no inmates at FCI Safford testing positive for COVID-19, he has

---

[1]Though not sentenced until November 2019, Ibarra had been in custody since his arrest on April 17, 2019.  Dkt. No. 4 (arrest warrant returned on that date); *see also* Dkt. No. 28 at 1.

contracted and recovered from COVID-19 without exhibiting serious symptoms requiring hospitalization, and his risk of severe illness is greatly diminished because he acknowledges that he is fully vaccinated.  Dkt. No. 49 at 6–9.  Further, the Government argues that safety valve eligibility would not have resulted in a lower sentence.  *Id.* at 9–10.  Ibarra submitted a reply on August 26, 2021.  Dkt. No. 50.  This order follows.

## LEGAL STANDARD

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)).  Such circumstances must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  *See* 18 U.S.C. § 3582(c)(1)(B); *see also Dillon*, 560 U.S. at 827, 831; *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

Congress carved out one such circumstance in 18 U.S.C. § 3582(c)(1)(A)(i). A court may "modify a term of imprisonment" upon an inmate's motion if:

1. the inmate exhausted "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or 30 days has lapsed since the relevant warden received a request to do so;

2. the inmate has established that "extraordinary and compelling reasons warrant such a reduction"; and

3. the court considers the applicable sentencing factors set forth in 18

3

U.S.C. § 3553(a).

18 U.S.C. § 3582(c)(1)(A)(i).  The inmate bears the burden of establishing the

requirements for a sentence reduction by a preponderance.  *See, e.g.*, *United States*

*v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *see also Walton v. Arizona*,

497 U.S. 639, 650 (1990) (a defendant's due process rights "are not violated by

placing on him the burden of proving mitigating circumstances sufficiently

substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*,

536 U.S. 584, 609 (2002).

## DISCUSSION

The parties dispute only the second and third requirements detailed above.[2]

As explained below, because the Court finds, in consideration of the totality of the

circumstances, that Ibarra has not presented any extraordinary and compelling

reason warranting a sentence reduction, his motion seeking such a reduction is

DENIED.

## I.  Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) permits a sentence reduction only upon a showing

of "extraordinary and compelling reasons."  While Congress did not define

"extraordinary and compelling reasons" warranting compassionate release, the

---

[2] In other words, the Government concedes exhaustion.  Dkt. No. 49 at 6 ("The Government
concedes that the defendant has exhausted his administrative remedies."); *see also* Dkt. No. 35-1
(warden denying Ibarra's compassionate release request on November 12, 2020).

Sentencing Commission has. *See* U.S.S.G. § 1B1.13. However, that definition is binding only as to compassionate release motions brought by the Director of the Bureau of Prisons, not where, as here, such a motion is brought directly by a defendant. *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). While the Sentencing Commission's statements in U.S.S.G. § 1B1.13 are not *binding* in the circumstance presented here, they nonetheless "may inform a district court's discretion for [Section] 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802.

### A.   Health Conditions

Ibarra is forty-four years old, obese, with a body mass index of 33.9, and suffers from asthma. Dkt. No. 35 at 2; Dkt. No. 44 at 7; *see also* Dkt. No. 28 at 18 (listing his height as sixty-five inches); Dkt. No. 48 at 6 (listing his weight on March 29, 2021 as 204 pounds); *id.* (explaining he suffers from asthma, for which he frequently uses an albuterol inhaler). The Court recognizes that due to his obesity and asthma,[3] Ibarra suffers from medical conditions that put him at greater risk of a severe reaction to COVID-19.[4] Ibarra argues that this fact, taken together with changes to safety valve eligibility and the current application of the Section

---

[3]The parties dispute the severity of Ibarra's asthma. *Compare* Dkt. No. 49 at 7–8 (Government arguing his asthma is *mild*) *with* Dkt. No. 50 at 5–7 (Ibarra arguing his asthma is more severe). For purposes of this motion, the Court assumes Ibarra's asthma is such that it puts him at greater risk of serious illness from COVID-19.
[4]COVID-19: People with Certain Medical Conditions, CDC, (last updated Aug. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 30, 2021).

3553(a) sentencing factors to his case, presents an extraordinary and compelling reason warranting a sentence reduction.  The Court disagrees.

While Ibarra suffers from two conditions—obesity and asthma—that the CDC has recognized put him at a greater risk of severe reaction to COVID-19, that fact is outweighed by several others.  In December 2020, Ibarra had and recovered from COVID-19.  Dkt. No. 48 at 68–81, 96.  While for as many as twelve days, Dkt. No. 50 at 5, he suffered from several symptoms common to those infected with the COVID-19 virus—shortness of breath, dry cough, body aches, headaches, loss of taste and smell, sore throat, and fatigue—there is no evidence, despite his obesity and asthma, that he was ever hospitalized, ever in jeopardy, or ever experienced the severe reaction that his medical conditions suggested he might.  *Id.* at 68–81.[5]

Moreover, Ibarra is now fully vaccinated against COVID-19, receiving his second dose of the Moderna vaccine on June 16, 2021.[6]  *Id.* at 10.  If this was not

---

[5]In fact, the BOP reports **0** inmate and **0** staff deaths from COVID-19 at FCI Safford, where Ibarra is housed.  COVID-19, BOP, https://www.bop.gov/coronavirus/ (last visited Aug. 31, 2021).

[6]The Court acknowledges that no vaccine is 100 percent effective at preventing infection or severe disease.  But the low risk of reinfection that a vaccinated Ibarra faces is simply not sufficient to state an *extraordinary and compelling* reason for the reduction he seeks.  *See COVID-19: Reinfection with COVID-19*, CDC (last updated Aug. 6, 2021), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Aug. 30, 2021) ("Cases of reinfection with COVID-19 have been reported, but remain rare."); *Effectiveness of COVID-19 Vaccines in Preventing Hospitalization Among Adults Aged ≥65 Years*, CDC, Aug. 6, 2021, https://www.cdc.gov/mmwr/volumes/70/wr/mm7032e3.htm#:~: text=96%25%20(95%25,notably%20different%20vaccine%20effectiveness%20estimat (last

enough, the BOP reports that **no** inmates or staff at FCI Safford, where Ibarra is housed, are testing positive for COVID-19.[7]  This is not simply a snapshot of present conditions.  The Government reports that the same was true as of at least August 12, 2021, Dkt. No. 49 at 5, while community infections have skyrocketed.

These facts support but one conclusion: any risk COVID-19 poses to Ibarra at this time is, at the very most, speculative.  It is certainly nowhere close to an extraordinary and compelling reason warranting a sentence reduction.  This is true whether one considers this risk separately from or together with changes in the law relative to safety valve eligibility and the Section 3553(a) factors, to which the Court now turns.

### B.    Safety Valve Eligibility

Ibarra argues that, given the Ninth Circuit's current interpretation of the First Step Act, he was safety valve eligible when sentenced, despite no party having advanced that argument at that time.  Dkt. No. 44 at 16–21 (citing *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021)).  Accepting Ibarra's contention as true, a conclusion with which the Government does not quarrel, Dkt. No. 49 at 9, the Court finds that the sentence rendered is still the appropriate one.

At sentencing, Ibarra faced a statutory mandatory minimum sentence of 120

---

visited Aug. 31, 2021) (reporting that two shots of the Moderna vaccine was 96 percent effective at preventing hospitalization in those rarely infected after full vaccination).
[7]COVID-19, BOP, https://www.bop.gov/coronavirus/ (last visited Aug. 31, 2021).

months' imprisonment.  *See* Dkt. No. 28 at 20.  Were that not the case, Ibarra would have faced a total offense level of 26 with a criminal history category IV, subjecting him to a guideline range of 92 to 115 months' imprisonment.  *Id.* at 11, 15; *see also* U.S.S.G. Ch. 5, Part A – Sentencing Table.  Ibarra argues that, had he been found safety valve eligible at sentencing, he would have been entitled to an additional two-level reduction, making his "proper guideline range" 77 to 96 months' imprisonment.  Dkt. No. 44 at 2; Dkt. No. 50 at 8.  Thus, Ibarra's 63-month sentence was "just about 18%" less than the low end of the correct range.  Dkt. No. 50 at 8.

At Ibarra's sentencing, the Government moved for a four-offense level reduction due to Ibarra's cooperation, which the Court granted.  Dkt. Nos. 22, 25, 29, 32.  While the Court cannot know whether the Government would have moved for the same reduction had Ibarra's safety valve eligibility been known to it, assuming it would have, Ibarra's offense level—after a 2-level safety valve reduction and 4-level cooperation reduction—would have been 20, subjecting him to a guideline range of 51-63 months' imprisonment.   U.S.S.G. Ch. 5, Part A – Sentencing Table.  Thus, his current sentence of 63 months' imprisonment is not outside of any theoretically amended guideline range.

Moreover, the Court would still have imposed a within-guidelines sentence of 63 months' imprisonment because that is the sentence it believed then and believes now is appropriate in light of Ibarra's culpable conduct and the Section 3553(a)

factors, discussed *infra*.  Accordingly, the Court finds that, assuming Ibarra was safety valve eligible at sentencing, that fact and any possible effect on sentencing exposure does not by itself or taken together with any other arguments present an extraordinary and compelling reason warranting a sentence reduction.[8]

## II.     Section 3553(a) Factors[9]

Ibarra offers few *new* facts that might affect the Court's Section 3553(a) analysis.  For instance, he argues that his minor role in the offense and the fact that the offense did not involve violence or firearms supports a sentence reduction. Dkt. No. 44 at 22.  The Court cannot see how, as these facts were known to the Court at sentencing.  Ibarra reports that he has had no disciplinary infractions while incarcerated since his sentencing less than two years ago and is enrolled in the BOP's 500-hour Residential Drug Abuse Treatment Program.  As to the former, that is expected of all inmates, and the duration of his infraction-less behavior is unremarkable.  As to the latter, the Court recommended Ibarra's placement in

---

[8]While this is a *compassionate release* motion which requires a showing of an *extraordinary and compelling reason* warranting a sentence reduction, the Court finds that, even if Ibarra petitioned for resentencing in light of his safety valve eligibility where an extraordinary and compelling standard did not apply, the Court would, in its discretion and in consideration of all relevant facts and law find 63 months' imprisonment the appropriate sentence for Ibarra.

[9]Ibarra makes the bizarre argument that the only Section 3553(a) factors a court should consider when ruling on a compassionate release motion are "the nature and circumstances of the offense and the history and characteristics of the defendant under § 3553(a)(1) and the need to avoid to avoid unwarranted sentencing disparity among similarly situated defendants under § 3553(a)(6)." Dkt. No. 44 at 3.  Put simply, the Court disagrees and will consider any Section 3553(a) factor it finds "applicable" to the circumstances presented by each case.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider "the factors set forth in Section 3553(a) *to the extent they are applicable*" (emphasis added)).

RDAP at sentencing, *see* Dkt. Nos. 32, 33.  That the BOP accepted Ibarra into that program, that Ibarra is currently participating in the program, and that Ibarra is expected to complete that program in December 2021 are all welcome developments.  But his partial completion of that program as well as his "complet[ing] many [presumably other] educational, vocational, and treatment programs," does not change the calculus in terms of the Court's assessment of the proper sentence to allow for meaningful rehabilitation.[10]

Finally, Ibarra's argument that his newfound safety valve eligibility favors a sentence reduction "to avoid unwarranted sentence disparities" is unavailing because the Court did not impose a mandatory minimum sentence and, indeed, departed downward in part to avoid such a disparity.  Dkt. No. 44 at 22–23.  As discussed *supra*, his sentence is squarely within any possible guideline range that would result from acknowledging his safety valve eligibility.  *See id.*  In other words, he is currently sentenced similarly to "defendants with similar records who have been found guilty of similar conduct."  *See* 18 U.S.C. § 3553(a)(6).

In sum, whether considered separately or in conjunction with the COVID-19 pandemic, his medical conditions, and his safety valve eligibility, the Court finds that the sentencing factors weigh against granting Ibarra the relief he seeks.

---

[10]Indeed, Ibarra's requested release would mean that he would be unable to complete the BOP's most intensive substance abuse program that he both needs and which the Court recommended at sentencing.

## <u>CONCLUSION</u>

For the reasons set forth herein, Ibarra has failed to present an extraordinary and compelling reason warranting a sentence reduction.  Accordingly, his motion seeking such a reduction, Dkt. No. 35, is DENIED.

IT IS SO ORDERED.

DATED: September 1, 2021 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*United States v. Arturo Ibarra*, Criminal No. 19-00049-DKW; **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**